**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN CHOHRACH; DONNA
CHOHRACH,

              Plaintiffs - Appellants,

   v.

BANK OF AMERICA NA; BAC HOME
LOANS SERVICING, LP; C&M
MCGEE, INC., DBA Wincester McGee
Financial,

              Defendants - Appellees.

No. 12-16807

D.C. No. 1:10-cv-02029-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and LYNN, District Judge.[**]

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Barbara M. G. Lynn, District Judge for the United
States District Court for the Northern District of Texas, sitting by designation.

Stephen and Donna Chohrach (Chohrachs) appeal the district court's orders granting summary judgment in favor of defendants Bank of America, N.A.; BAC Home Loans Servicing, LP; and C&M McGee, Inc. (collectively BOA). The Chohrachs contend that genuine issues of material fact existed regarding the applicable statutes of limitations and BOA's negligent and fraudulent misrepresentations.

California law provides that a fraud claim is subject to a three-year statute of limitations, which starts to run when the plaintiff discovers the facts constituting the fraud. *See* Cal. Code of Civ. Proc. § 338(d). A two-year statute of limitations is provided for a negligence claim, which also starts to run when the plaintiff discovers the loss or damage. *See* Cal. Code of Civ. Proc. § 339(1). It is undisputed that "within a couple of days" after December 2, 2006, the Chohrachs discovered that the loan they received was not the loan they anticipated. They acknowledge that they discovered the facts underlying the alleged wrong before December 6, 2006, when they signed the Notice of Right to Cancel, and so before the permitted three-day period for cancellation had run. Yet, they did not file suit until September, 2010, over three years later. Thus, the bulk of the Chohrachs' claims were barred by the applicable statutes of limitations.

2

The only statements made within the limitations period–that the Chohrachs could refinance at anytime, and that, therefore, the loan they received was functionally the same as the one for which they had applied–could be interpreted in one of two ways.  Either the statements were a prediction, in which case they are not actionable and reliance upon them was unreasonable, *see, e.g.*, *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469-70 (2014), or the statements were a promise, in which case summary judgment was proper because there was a lack of evidence that the defendants had no intention to perform when the promise was made.  *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1183 (2013).  Under either interpretation, the claim fails.

**AFFIRMED.**